# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| Charles Watt, d/b/a Silverhawk Records, d/b/a Bend of the River Publishing, | ) ) ) ) | |
| Plaintiff-Appellant, | ) ) | No. 10-14710-CC and 10-15018-CC |
| v. | ) ) | |
| Dennis Butler p/k/a "Mook B," Lefabian Williams p/k/a "Fabo", Carlos Walker p/k/a "Shawty Lo," Adrian Parks p/k/a/ "Stoner" a/k/a "Stuntman" (individually and d/b/a D4L); Teriyakie Nicodean Smith; Mark Robinson; Perry Homes Music Publishing; Black Eye B Music; D4LXL Music; Beatz 4 Da Streetz; Mark Your Mind Music; Stoney Man Music; Atlantic Records, LLC; Asylum Records, LLC; WEA Corp. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendant-Appellees. | ) ) ) | |

U.S. COURT OF APPEALS RECEIVED CLERK JAN 18 2011 ATLANTA, GA.

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 18 2011
JOHN LEY
CLERK

## APPELLANT'S MOTION TO DISMISS CROSS-APPEAL
## FOR LACK OF JURISDICTION AND STANDING

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27, Appellant Charles Watt ("Watt") moves this Court to dismiss the cross-appeal of Defendant-Appellees Dennis Butler, et al. (collectively the "D4L Defendants") for lack of standing and jurisdiction. As fully set forth below, under

Eleventh Circuit law, the D4L Defendants lack standing to cross-appeal a judgment in their favor, and this Court lacks jurisdiction to hear such an appeal.

## Background

This appeal stems from the grant of the D4L Defendants' motion for summary judgment on September 28, 2010 by the United States District Court for the Northern District of Georgia. DE 102. Watt has alleged the D4L Defendants' song "Betcha Can't Do It Like Me" infringes the copyright he owns in the musical composition "Come Up." *Id.* at 2-3. The district court found triable issues of fact on the prima facie case of copyright infringement but ruled Watt could not rebut the D4L Defendants' evidence of independent creation by proving "striking similarity." *Id.* at 9-15. As fully explained in Watt's Appeal Brief, this ruling was a clear error of law.

The clerk entered judgment dismissing all claims against all parties on September 29, 2010. DE 103. Watt filed a timely notice of appeal on October 11, 2010. DE 104. The D4L Defendants filed a notice of cross-appeal on October 25, 2010. DE 108.

Watt submitted his principal brief to this Court on November 22, 2010. The D4L Defendants submitted their "Response Brief to the Brief of Appellant Charles Watt and Brief of Cross Appellants" on January 3, 2011.

2

## Argument

Under Eleventh Circuit law, an appellee lacks standing to cross-appeal a grant of summary judgment entered in its favor, and this Court lacks the jurisdiction to hear such an appeal. *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1343 (11th Cir. 2009); *Agripost, Inc. v. Miami-Dade County*, 195 F.3d 1225, 1230 (11th Cir. 1999); *Kapp v. Nat'l Football League*, 586 F.2d 644, 649-50 (9th Cir. 1978). "Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom." *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980).

In *American General Life Insurance Co.*, the district court granted summary judgment in favor of American General and against Schoenthal Family, LLC. *Am. Gen. Life Ins. Co.*, 555 F.3d at 1337. Schoenthal Family, LLC, the aggrieved party, appealed the judgment. *Id.* American General, the appellee, filed a cross-appeal seeking a grant of summary judgment on alternative grounds. *Id.* at 1343. The Eleventh Circuit dismissed American General's cross-appeal for lack of jurisdiction and standing, stating, "American General does not have standing to cross-appeal a summary judgment in its favor even though the district court rejected arguments of American General about alternative grounds for that summary judgment." *Id.*

3

*American General* applies to the case at bar as the D4L Defendants are not "aggrieved parties." Here, the district court granted summary judgment for the D4L Defendants on the issue of independent creation of the disputed work. DE 102 at 14-15. The D4L Defendants' response brief/cross-appeal filed on January 3, 2011 seeks affirmance of the district court's order on independent creation, as well as "reversal" on the issues of access and substantial similarity. Since the D4L Defendants have only stated alternative grounds for affirming the district court's Order of summary judgment, <u>not grounds for reversal</u>, they do not have standing to appeal, and this Court does not have jurisdiction to hear their appeal. *See Am. Gen. Life Ins. Co.*, 555 F.3d at 1343. Only Watt, as the party aggrieved by the ruling, has the right to appeal from the district court's summary judgment order. *Id.*

Since the Court cannot hear the D4L Defendants' putative "cross-appeal," the D4L Defendants are limited to the brief they filed on January 3, 2011. Fed. R. App. P. 28(b). As a "cross-appellant," the D4L Defendants would be entitled to an "Appellee's Reply Brief." Fed. R. App. P. 28.1(c)(4). With nothing to cross-appeal, the D4L Defendants are not permitted to file another brief with this Court.

## Conclusion

For the reasons stated above, this Court should dismiss the D4L Defendants' cross-appeal for lack of jurisdiction and standing.

Respectfully submitted this 13th day of January, 2011

*/s/ Richard S. Busch*

| | |
|---|---|
| Ronald T. Coleman, Jr. | Richard S. Busch |
| Georgia Bar No. 177655 | Tennessee Bar No. 014594 |
| rcoleman@phrd.com | KING & BALLOW |
| Patrice R. Walker | 1100 Union Street Plaza |
| Georgia Bar No. 266983 | 315 Union Street |
| pwalker@phrd.com | Nashville, TN 37201 |
| PARKER, HUDSON, RAINER | Telephone: (615) 259-3456 |
| & DOBBS LLP | Facsimile: (615) 726-5417 |
| 1500 Marquis Two Tower | |
| 285 Peachtree Center Avenue, NE | |
| Atlanta, GA 30303 | |
| Telephone: 404-523-5300 | |
| Facsimile: 404-522-8409 | |

Attorneys for Plaintiff-Appellant
Charles Watt d/b/a Silverhawk Records
d/b/a Bend of the River Publishing

## Certificate of Interested Persons

Pursuant to Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1, Watt identifies the following parties to this action:

| | |
|---|---|
| Charles Watt d/b/a Silverhawk Records d/b/a Bend Of The River Publishing | Plaintiff, Appellant-Cross-Appellee |
| Dennis Butler d/b/a Black Eye B Music | Defendant, Appellee-Cross-Appellant |
| LaFabian Williams d/b/a Perry Homes Music Publishing | Defendant, Appellee-Cross-Appellant |
| Carlos Walker d/b/a D4LXL Music | Defendant, Appellee-Cross-Appellant |
| Adrian Parks d/b/a Stoney Man Music | Defendant, Appellee-Cross-Appellant |
| Teriyakie N. Smith d/b/a Beatz 4 Da Streetz | Defendant, Appellee-Cross-Appellant |
| Mark Robinson d/b/a Mark Your Mind Music | Defendant, Appellee-Cross-Appellant |
| Atlantic Recording Corp. | Defendant, Appellee-Cross-Appellant |
| Asylum Records, LLC | Defendant, Appellee-Cross-Appellant |
| Warner-Elektra-Atlantic Corp. | Defendant, Appellee-Cross-Appellant |

Watt further identifies the following trial judge(s), attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

6

| | |
|---|---|
| Thomas W. Thrash, Jr. | Trial Judge |
| Richard S. Busch, Esq. | Attorneys for Plaintiff, Appellant-Cross-Appellee |
| Ronald T. Coleman, Esq. | Attorneys for Plaintiff, Appellant-Cross-Appellee |
| King & Ballow | Attorneys for Plaintiff, Appellant-Cross-Appellee |
| Parker, Hudson, Rainer, Dobbs LLP | Attorneys for Plaintiff, Appellant-Cross-Appellee |
| Scott D. Sanders, Esq. | Attorney for Defendant, Appellee Cross-Appellant |
| Scott D. Sanders, P.C. | Attorney for Defendant, Appellee Cross-Appellant |

American Society of Composers, Authors & Publishers (ASCAP)

Broadcast Music, Inc. (BMI)

Warner Chappell Music, Inc.

The Harry Fox Agency, Inc.

BMG Music Publishing NA, Inc.

BMG Songs is a division of Universal Music – MBG NA LLC., formerly known as BMG Songs, Inc. The ultimate parent of BMG Songs is Vivendi, S.A., which is publicly traded on the Paris stock exchange.

Universal Music Corp., d/b/a Universal-MCA Music Publishing, was formerly known as MC Universal Music Corp. is Vivendi, S.A., which is publicly traded on the Paris stock exchange.

Sony BMG Music Entertainment is a partnership that is successor in interest to Sony Music Entertainment, Inc. Its partners are whose partners are USCO

7

Holdings, Inc. and USCO Sub LLC. Sony BMG Music Entertainment is a wholly owned indirect subsidiary of Sony Corp., a publicly traded Japanese corporation.

Dee Money Entertainment

Artists Publishing Group

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have on this day, served via first class U.S. Mail an original and three true and correct copies of the foregoing APPELLANT'S MOTION TO DISMISS CROSS-APPEAL FOR LACK OF JURISDICTION AND STANDING on the following:

Clerk of the Court
U.S. Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

      This 13th day of January, 2011

*/s/*

      I hereby further certify that I have on this day, served via first class U.S. Mail a true and correct copy of the foregoing APPELLANT'S MOTION TO DISMISS CROSS-APPEAL FOR LACK OF JURISDICTION AND STANDING on the following:

Scott Sanders, Esq.
Scott D. Sanders, P.C.
1348 Ponce De Leon Avenue
Atlanta, Georgia 30306-4604

      This 13th day of January, 2011

*/s/*